## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BEGIN HEALTH, INC., | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | |
| | : | |
| BEGIN REBIRTH PTY LTD., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Begin Health, Inc., a Delaware corporation ("Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint against Defendant Begin Rebirth Pty Ltd., an Australian proprietary limited company ("Defendant") that sells products to U.S. consumers. In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1. This action is for trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125, and deceptive trade practices pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 et seq.

## THE PARTIES

2. Plaintiff is a Delaware corporation with a principal place of business located in Wilmington, North Carolina. Plaintiff is the owner of the BEGIN family of brands (including the marks BEGIN, BEGIN HEALTH, BEGINBABY, BEGIN BIOME, BEGIN KIDS, and BEGIN FARMS) for gut-healthy supplements for infants, children, and adults.

3. Defendant is an Australian company that recently began selling gut-healthy supplements under the BEGIN REBIRTH brand to U.S. consumers, including and especially consumers located in Chicago.

**JURISDICTION AND VENUE**

4. The Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon the Court for civil actions arising under the laws of the United States and any act of Congress relating to trademarks. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §§1338(b) and 1367 because the state-law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant: (1) regularly solicits business and derives revenue from products sold within the State of Illinois, and (2) committed specific acts within Illinois that give rise to Plaintiff's asserted claims.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts business within this district, a substantial part of the events giving rise to the claim occurred in this district, a substantial part of property that is the subject of the action is situated in this district, and Plaintiff is suffering substantial harm in this district.

**BACKGROUND FACTS**

7. Plaintiff sells gut-healthy supplements for infants, children, and adults under the BEGIN, BEGIN HEALTH, BEGIN BIOME, and BEGINBABY brands through its own online retail store, through third-party online stores such as Amazon.com, and in physical retail stores across the country. Plaintiff also intends to sell gut-healthy products under the BEGIN FARMS and BEGIN KIDS brands in the near future.

8. Plaintiff has used its BEGIN HEALTH® trademark in connection with the nationwide sale of gut-healthy products since as early as January of 2021:

  

*See* **Exhibits 1**.

9. Plaintiff owns the following relevant federal trademark registrations and applications:

| MARK | GOODS/SERVICES | OWNER: |
|---|---|---|
| BEGIN HEALTH<br><br>(Reg. No 7,578,727) | Class 5: Dietary and nutritional supplements for children and adults<br><br>Class 16: Stickers; printed sticker charts for tracking dietary supplement intake for children; printed children's coloring pages<br><br>Class 35: Online retail store services featuring dietary and nutritional supplements for adults and children, stickers, sticker charts, coloring pages, empty water bottles, and stool testing kits | Begin Health, Inc. |
| (Reg. No. 7,274,533) | Class 5: Probiotic and prebiotic dietary and nutritional supplement for children in the nature of a nutrient-dense powdered drink mix composed of human milk oligosaccharide, chicory root, and other ingredients | Begin Health, Inc. |
| BEGINBABY<br><br>(Reg. No. 7,932,515) | Class 5: Probiotic and prebiotic dietary and nutritional supplement for infants ages 0 to 12 months in the nature of a nutrient-dense powdered drink mix | Begin Health, Inc. |

3

| BEGIN<br><br>(Serial No. 99/553,239) | Class 5: Probiotic and prebiotic dietary and nutritional supplement | Begin Health, Inc. |
|---|---|---|
| BEGIN BIOME<br><br>(Serial No. 98/753,501) | Class 5: Probiotic and prebiotic dietary and nutritional supplement | Begin Health, Inc. |
| BEGIN FARMS<br><br>(Serial No. 99/092,235) | Class 29: Milk; Non-dairy milk substitutes | Begin Health, Inc. |
| BEGIN KIDS<br><br>(Serial No. 99/485,797) | Class 5: Nutritional supplements in the form of gummies, powder, capsules, and tablets | Begin Health, Inc. |

*See* **Exhibits 2-8**.

10. Over the past half decade, Plaintiff has invested millions of dollars into its BEGIN product lines, and it has expended considerable time and effort into building up goodwill in the BEGIN brands in the marketplace for gut-healthy supplements.

11. Begin Health's brands have been featured in Forbes®, Crunchbase®, The Everymom™, tinyhealth.com™, the Blueberry Pediatrics™ podcast, and the Burnt Pancakes™ podcast, among many other media.

**Defendant's Infringing Conduct**

12. Defendant recently began offering its BEGIN REBIRTH supplement product in the U.S., many years after Plaintiff first used and established its BEGIN brands in the marketplace.

13. Moreover, when Defendant filed a trademark application for the mark BEGIN REBIRTH in November of 2024, based on information and belief, Defendant was well aware of Plaintiff's BEGIN marks and products.

14. Defendant's *emphasis* of the term "BEGIN" on its products increases the likelihood of confusion with Plaintiff's BEGIN marks for dietary and nutritional supplements:

4



*See* **Exhibit 9**.

15. Moreover, Defendant's repeated use of the term "BEGIN", including in its domain name, on its website masthead, and various other places increases the likelihood of confusion with Plaintiff's BEGIN marks:



*See* **Exhibits 9-10.**

5

16. In December of 2025, Plaintiff sent Defendant a cease-and-desist letter and demanded that Defendant immediately cease using the BEGIN REBIRTH mark and abandon the BEGIN REBIRTH application. *See* **Exhibit 11**. After Defendant sent a letter in response, Plaintiff sent a reply pointing out in detail that the parties sell the *same product* to the *same consumers* through the *same channels of trade*, and that their respective marks are largely identical. *See* **Exhibit 12**. Plaintiff also pointed out that, in such circumstances, the parties' trademarks do not need to be particularly "close." *See* **Exhibit 12** (citing *Bridgestone Americas Tire Operations, LLC v. Fed. Corp.*, 673 F.3d 1330, 1337 (Fed. Cir. 2012) (recognizing that marks do not need to include every single word in common to be confusingly similar and using the example of the marks WAVE/ACOUSTIC WAVE being found to be confusingly similar to POWERWAVE due to the presence of the root element "WAVE").

17. However, Defendant refused to cease using the BEGIN REBIRTH mark and refused to abandon the BEGIN REBIRTH trademark application.

18. As a result of Defendant's unauthorized and infringing use of Plaintiff's BEGIN marks, Plaintiff has suffered extensive damages, including a direct loss of revenue, a decrease in the organic ranking and traffic of its products online, increased operational costs, and the whittling away of the source-identifying power of its trademarks.

19. Plaintiff is also concerned that consumers will mistakenly purchase Defendant's unauthorized products believing them to be Plaintiff's products, blame Plaintiff for any problems with the products, and try to return those products to Plaintiff.

20. Plaintiff is further concerned that consumers will mistakenly believe that Plaintiff's products are Defendant's products or that the companies are otherwise affiliated or related.

21. Defendant's conduct has caused and, if allowed to, will continue to cause irreparable damage to Plaintiff's sales, business, goodwill, and consumer reputation. Therefore, monetary damages alone would not provide an adequate remedy at law against Defendant's trademark infringement and deceptive trade practices.

## COUNT I
## INFRINGEMENT OF REGISTERED TRADEMARK
## (17 U.S.C. § 1114)

22. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth here.

23. Plaintiff owns the federally registered and inherently distinctive trademarks BEGIN HEALTH®, ®, and BEGINBABY®.

24. Plaintiff's trademarks have been used in interstate commerce to signify the source of Plaintiff's supplements for several years.

25. As a result of Plaintiff's use, marketing and promotion of, and significant sales of products bearing Plaintiff's BEGIN HEALTH®, ®, and BEGINBABY® marks, consumers have come to associate Plaintiff's registered marks with gut-friendly supplements.

26. Defendant has sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising gut healthy supplements using a mark confusingly similar to Plaintiff's registered trademarks, without Plaintiff's permission.

27. Defendant's promotion, marketing, offering for sale, and sale of such competing products has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the source, origin, sponsorship, or approval of Defendant's products by Plaintiff.

28. By knowingly using a mark confusingly similar with Plaintiff's registered marks without authorization, Defendant has knowingly violated Plaintiff's registered trademarks in violation of 15 U.S.C. § 1114.

29. Defendant's unauthorized use of Plaintiff's trademarks enables Defendant to trade on and receive the benefit of Plaintiff's goodwill that Plaintiff built up over several years and to gain acceptance for its goods not solely on its own merits, but on the reputation and goodwill of Plaintiff and Plaintiff's products.

30. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff has suffered extensive damages, including a loss of sales and direct loss of revenue, a decrease in the organic ranking and traffic of its products online, increase in operational costs, and a whittling away of the source-identifying power of its marks.

31. Monetary damages alone would not provide an adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of its well-known products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN/TRADEMARK INFRINGEMENT**
**(17 U.S.C. § 1125(a))**

32. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth here.

33. Plaintiff owns the inherently distinctive trademarks BEGIN HEALTH® ![begin health Daily Prebiotic Supplement For Toddlers and Kids]®, and BEGINBABY®, as well as the inherently distinctive common-law marks BEGIN BIOME and BEGIN ("Plaintiff's BEGIN Marks").

34. Plaintiff's trademarks have been used in interstate commerce to signify the source of Plaintiff's supplements for several years.

35. As a result of Plaintiff's use, marketing and promotion of, and significant sales of products bearing Plaintiff's BEGIN Marks, consumers have come to associate Plaintiff's BEGIN Marks with gut-healthy supplements.

36. Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising gut-friendly supplements using a mark confusingly similar with Plaintiff's BEGIN Marks without Plaintiff's permission.

37. Defendant's promotion, marketing, offering for sale, and sale of its BEGIN REBIRTH products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the source, origin, sponsorship, or approval of Defendant's products by Plaintiff.

38. By using the Plaintiff's BEGIN Marks without authorization, Defendant knowingly created and continues to create a false designation of origin in violation of 15 U.S.C. § 1125.

39. Defendant's unauthorized use of Plaintiff's trademarks enables Defendant to trade on and receive the benefit of goodwill built up by Plaintiff over half a decade and creates confusion in the marketplace for gut-friendly supplements.

40. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff has suffered extensive damages, including a loss of sales and direct loss of revenue, a decrease in the organic ranking and traffic of its goods sold online, increase in operational costs, and a whittling away of its brand power.

41. Monetary damages alone would not provide an adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of its well-known products.

# COUNT III
## VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1 et seq.)

42. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth here.

43. Defendant's unauthorized use of a confusingly similar trademark and marketing material for competing goods constitutes unfair or deceptive acts or practices in or affecting commerce.

44. As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and Illinois consumers have suffered financial loss, including the cost of mistakenly purchasing the wrong product, as well as Plaintiff's loss of sales, increased operating costs, and decreased consumer goodwill.

45. As a direct and proximate result of Defendant's deceptive practices, Illinois consumers have been damaged and injured.

46. Defendants' actions constitute a violation of 815 ILCS 510/2(1)-(3).

47. Unless enjoined, Defendant will continue to deceptively sell goods of inferior quality bearing Plaintiff's trademarks to Illinois consumers, thereby causing Plaintiff and Illinois consumers extensive damages and irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Permanently enjoining Defendant, its officers, agents, licensees, assignees, successors, subsidiaries, parents, servants, employees, attorneys, and all other persons in active concert or participation with them from, either directly or

indirectly, selling, giving away, marketing, or advertising products using the term and mark "BEGIN REBIRTH" or any mark confusingly similar thereto;

B. Ordering Defendant to destroy all remaining inventory bearing the BEGIN REBIRTH mark.

C. Requiring Defendant to, pursuant to 15 U.S.C. § 1116(a), promptly file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with any injunction issue by the Court;

D. Ordering the cancellation of Defendants' pending federal trademark application for BEGIN REBIRTH (Serial No. 98/860,208);

F. Ordering Defendant to pay damages to Plaintiff in the amount of at least $75,000, and potentially treble damages;

G. Ordering Defendant to pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees; and

H. Ordering Defendants to provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:  January 29, 2026            Respectfully submitted,

/s/ Matthew R. Lighthouse
Matthew R. Lighthouse
ARDC No. 6314834
matt.lighthouse@lozaip.com
Loza & Loza, LLP
305 N. Second Ave., #127
Upland, CA 91786
Phone: (872) 314-1374

11

Alex Jacobs
(pro hac vice to be filed)
alex.jacobs@lozaip.com
Loza & Loza, LLP
305 N. Second Ave., #127
Upland, CA 91786

*Counsel for Plaintiff*